**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-21513-Civ-TORRES

IVELISA BONANNO,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

    Defendant.
_____/

# ORDER ON THE PARTIES'
# CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on the parties' cross motions for summary judgment filed by Ivelisa Bonanno ("Plaintiff") [D.E. 22] and Nancy A. Berryhill, Acting Commissioner of Social Security Administration ("Defendant") [D.E. 24], on whether Administrative Law Judge Norman Hemming (the "ALJ") properly weighed the evidence presented in reaching his unfavorable decision. Under the limited standard of review that governs this case, the Court finds that substantial evidence supports the ALJ's determination. For the reasons stated below, Plaintiff's motion for summary judgment [D.E. 22] is **DENIED**, Defendant's motion for summary judgment [D.E. 24] is **GRANTED**, and the ALJ's decision is **AFFIRMED**.

1

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On July 17, 2015, Plaintiff applied for disability insurance benefits alleging a disability from December 1, 1986 to June 30, 1993. Plaintiff has an associate's degree with a certification in the administration of electrocardiograms, including prior work experience as a bank clerk. The Social Security agency denied Plaintiff's application initially and on reconsideration due to a lack of evidence and medical documentation.

On November 3, 2015, Plaintiff filed a written request for a hearing before an ALJ. The ALJ conducted a hearing on May 3, 2017 and evaluated Plaintiff's application pursuant to the five-step sequential evaluation process for determining if a claimant is disabled under the Social Security Act. Plaintiff testified at the hearing that she had bipolar disorder, anxiety, panic attacks, depression, and a herniated disc in her back. At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period from the alleged onset date of December 1, 1986 through the date of last insured on June 30, 1993. The ALJ then proceeded to step two where the ALJ determined that the evidence did not establish the existence of a medically determinable impairment. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act and denied Plaintiff's claim in a decision issued on June 30, 2017. The Appeals Council subsequently denied Plaintiff's request for review on February 20, 2018. Accordingly, this case is ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record as a whole to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1212 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

In testing for substantial evidence, the court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing another case). Instead, so long as the ALJ's findings are supported by substantial evidence, they are conclusive and we must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004); *see also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings."); *Miles*, 84 F.3d at 1400; 42 U.S.C. § 405(g). However, no presumption of validity attaches to the Commissioner's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). The Court also reviews the ALJ's decision to determine whether the correct legal standards were applied. *See Graham v. Apfel*, 129 F.3d

1420, 1422 (11th Cir. 1997). In this respect, "the ALJ has a basic obligation to develop a full and fair record," as a hearing before an ALJ is not an adversary proceeding. *Id.* (citing another source).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses. *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence. *See Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, a court is not to re-weigh the evidence anew. Rather, a court is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. If a decision is supported by substantial evidence, we must affirm even if the proof preponderates against it. Therefore, a court's responsibility is to ensure that the proper legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

### III. *ANALYSIS*

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of producing evidence that proves he or she meets this

statutory definition. "The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims" and "[t]hese regulations place[] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir. 1985)). The steps are followed in order to determine if the claimant is disabled. "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (internal quotation and citation omitted).

The ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made and the inquiry ends. *See* 20 C.F.R. § 404.1520(b). In the second step, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If the ALJ does not make such a finding, then the inquiry ends. *See* 20 C.F.R. § 404.1520(c). At step three, the ALJ compares the claimant's impairments with specific impairments under the regulations that require a finding of disability without further inquiry into the claimant's ability to perform other work. *See Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985) ("Certain impairments are so severe either when considered alone or in conjunction with other impairments that, if such impairments are proved, the regulations require a finding of disability without further inquiry into the claimant's ability to work."). If the claimant's impairment meets or equals a listed

impairment, the claimant's disability is presumed and benefits are awarded. *See* 20 C.F.R. § 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a prima facie case of disability is established. The ALJ assesses a claimant's RFC at this stage, based on all of the other relevant evidence, to determine the extent of a claimant's ability to work despite the alleged impairments. *See* 20 C.F.R. § 416.945(a)(1). This leads to step five – the final inquiry – where the burden shifts to the Commissioner to show that there is other work available in the national economy that the claimant can perform. *See* 20 C.F.R. § 404.1520(e)-(f).

On appeal, Plaintiff challenges the ALJ's decision in two ways: (1) whether the ALJ properly considered the medical opinion evidence, and (2) whether the ALJ's decision as a whole lacks substantial evidence. We will consider each argument in turn.

### A. *Whether Substantial Evidence Supports the Weight Given to the Medical Opinions*

An ALJ evaluates several factors when determining how much weight to accord a medical opinion, including: (1) whether the physician has examined the claimant, (2) the length, nature, and extent of a treating physician's relationship with the claimant, (3) the medical evidence and explanation supporting the physician's opinion, (4) how consistent the physician's "opinion is with the record as a whole," and (5) the physician's specialization. 20 C.F.R. §§ 404.1527(c),

6

416.927(c). These factors apply to both examining and non-examining doctors. *See id*. Absent good cause, the ALJ must give a treating[1] physician's opinion substantial or considerable weight. *See id.* (noting that more weight is generally given to opinions from treating sources); *see also Winschel*, 631 F.3d at 1179.

Good cause exists when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id*. Furthermore, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefore. *See Winschel*, 631 F.3d at 1179 (reiterating that without a statement from the ALJ, a reviewing court would be unable to determine whether the disability decision was rational and supported by substantial evidence). The opinion of a one-time examiner is not entitled to deference or special consideration. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013) ("[T]he ALJ was not required to defer to Dr. Vrochopoulos's opinion since he was a psychologist who only examined Denomme on a single occasion and did not treat her.") (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)).

The opinion of a non-examining physician is entitled to little weight when it contradicts the opinion of an examining physician. *See Lamb v. Bowen,* 847 F.2d

---

[1] A treating source is defined as the claimant's "own physician . . . who provides [the claimant] . . . with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

698, 703 (11th Cir. 1988). However, "[w]here a non-examining physician's report includes information that is not contained in the examining physicians' reports, but does not contradict the examining physicians' reports, the ALJ does not err in relying on the non-examining physician's report to the extent it contains non-contradictory information." *Kemp v. Astrue,* 308 F. App'x 423, 427 (11th Cir. 2009) (citing *Edwards v. Sullivan,* 937 F.2d 580, 584–85 (11th Cir. 1991)). The weight to be given a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence. *See* 20 C.F.R. § 404.1527(d)(3)–(4); *see also Crawford,* 363 F.3d at 1160 (holding that the ALJ did not err in relying on consulting physician's opinion where it was consistent with medical evidence and findings of the examining physician). The more consistent a physician's opinion is with the record as a whole, the more weight an ALJ will place on that opinion. *See* 20 C.F.R. § 404.1527(d)(4).

Plaintiff argues that the ALJ committed reversible error at step two of the sequential evaluation process because he failed to consider the medical opinions and statements of Plaintiff's treating physicians. Plaintiff claims that she presented supporting medical documentation for depression, back pain, and a herniated disc, but that the ALJ gave these items little or no weight. For example, Plaintiff presented a letter from Dr. Gustavo Arriola ("Dr. Arriola") at the hearing where it indicated that Plaintiff was being evaluated for herniated discs. Plaintiff alleges that the ALJ simply denied Plaintiff's application for disability benefits without evaluating the letter or any of the other medical opinions in the record during the

8

relevant time period. Plaintiff also suggests that the ALJ failed to consider any of her testimony or debilitating symptoms. Because the ALJ failed to consider Plaintiff's testimony or her medical records, Plaintiff concludes that the ALJ committed reversible error in denying her petition for disability benefits.

Plaintiff's arguments are unpersuasive because the ALJ explicitly referenced Plaintiff's testimony and her symptoms of depression, bipolar disorder, anxiety, sinusitis, migraines, nausea, and back pain. While Plaintiff alleges that the ALJ failed to consider her testimony at the hearing, the ALJ's recitation of Plaintiff's symptoms entirely undermines that contention. Plaintiff's related argument is also unfounded because the ALJ considered the medical evidence in the record. The ALJ found, for example, that a record from Northeast Dade Community Medical Center dated September 8, 1991 indicated that Plaintiff was prescribed 50 milligrams of Desyrel – a medication used to treat depression. The ALJ found this record unhelpful because it did not contain a diagnosis, prognosis, or any other details of Plaintiff's mental condition.[2]

The ALJ then considered Dr. Arriola's letter where it indicated that Plaintiff was evaluated for disc herniations and severe low back pain. The ALJ suggested that the letter was unhelpful because it failed to contain any other indications of Plaintiff's lumbar condition, functionality, signs, or treatment. The letter was also unpersuasive because it did not provide any information on whether Plaintiff's

---

[2] We also note that it is unclear that an acceptable medical source – such as a physician or psychologist – signed this record as the signature and credentials of the signer are illegible. [Tr. 313].

condition lasted for at least twelve consecutive months as required under the Social Security regulations. *See Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (holding that a claimant's impairments and inability to work must last for a continuous period of at least twelve months). And the letter further suggests that Plaintiff's condition was not permanent because it was tethered to the temporary circumstance of Plaintiff's pregnancy. In any event, the ALJ considered Dr. Arriola's letter and found that it did not establish the existence of a medically determinable impairment within the meaning of the Social Security Act.[3]

Plaintiff appears to hang her hat on the fact that the ALJ did not specifically state that Dr. Arriola's letter and the record from Northeast Dade Community Medical Center were entitled to little weight. Procedurally, an ALJ is "required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987). Absent such a statement, a reviewing court cannot determine whether the ultimate decision is supported by substantial evidence. *See Hudson v. Heckler,* 755 F.2d 781, 786 (11th Cir. 1985) (citation omitted).

---

[3] We also note that Plaintiff refers to Dr. Arriola as a treating physician, but that is unclear from the record presented because Plaintiff failed to show that she had an ongoing treatment relationship with this physician. That is, the record does not show that Dr. Arriola examined Plaintiff more than once before writing the letter on August 13, 1992. And if Dr. Arriola only examined Plaintiff on one occasion, the opinion is not entitled to great weight. *See Crawford*, 363 F.3d at 1160 ("The ALJ correctly found that, because Hartig examined Crawford on only one occasion, her opinion was not entitled to great weight.") (citing *McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987) (stating that a doctor who examines a claimant on only one occasion is not considered a "treating physician")).

However, Plaintiff's argument is unpersuasive because "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the court "to conclude that the ALJ considered [the claimant's] medical condition as a whole." *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). This means that if an ALJ makes clear that he considered a physician's opinion, and that the findings were consistent with the opinion, then there is no harmful error. *Colon v. Colvin*, 600 F. App'x 867, 870 (11th Cir. 2016). In other words, "even if the ALJ erroneously failed to explicitly assign weight to and discuss every aspect of [a doctor's] opinion, this error [is] harmless because it is still clear that the ALJ's rejection of the portions of [the doctor's] opinion that are inconsistent with the ALJ's ultimate conclusion was based on substantive evidence." *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 672 (11th Cir. 2014).

The ALJ in this case referenced the medical evidence in the record and explained the defects in both Dr. Arriola's letter and the record from Northeast Dade Community Medical Center. While the ALJ did not use the magical words that neither medical record was entitled to little or no weight, the ALJ was not required to do so because it was clear that they were unhelpful in the determination of Plaintiff's condition. Therefore, substantial evidence supports the weight given to Plaintiff's testimony and the medical opinions in the record.

### B. *Whether Substantial Evidence Supports the ALJ's Decision*

At step two, the ALJ had to determine whether Plaintiff had a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R.

§§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is "not severe" when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.5121, 416.921; Social Security Ruling(s) ("SSR"s) 88-28, 96-3p, and 96-4p. The burden of showing that an impairment or combination of impairments is "severe" rests at all times with the claimant. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Because Plaintiff has the burden of proving a severe impairment, she has the burden of establishing the prerequisite for finding a severe impairment, i.e., the existence of a medically determinable impairment. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Here, Plaintiff argues that substantial evidence does not support the ALJ's decision because the the reasons provided were "made in a cursory fashion." [D.E. 26]. Plaintiff's argument lacks merit because the ALJ considered the record presented and found that there was nothing to substantiate Plaintiff's allegations. And "[i]n claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step [two] of the sequential evaluation process." SSR 96-4p. This means that the ALJ applied the proper legal

standards in the absence of any supporting medical evidence because "under no circumstances may the existence of [an] impairment be established on the basis of symptoms alone." *Owens v. Colvin*, 2015 WL 1120156, at *8 (M.D. Ala. Mar. 12, 2015) (citation omitted); *see also* 20 C.F.R. §§ 404.1513(a), 404.1508 (an "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [individuals'] statement[s] of symptoms"). As such, the ALJ's decision is supported by substantial evidence.

As noted above, the Court's limited standard of review does not allow for re-weighing the evidence; instead, our inquiry is limited into whether or not substantial evidence in the record as a whole can support the ALJ's findings. *See Richardson*, 402 U.S. at 401; *Winschel*, 631 F.3d at 1178; *Kelley*, 185 F.3d at 1212. The Court therefore finds that the ALJ's conclusions are supported by substantial evidence. For these reasons, Plaintiff's motion for summary judgment [D.E. 22] is **DENIED** and Defendant's motion for summary judgment [D.E. 24] is **GRANTED**.

### IV. CONCLUSION

Substantial evidence supports the ALJ's findings as noted in his unfavorable decision. The ALJ's decision applied proper legal standards and any errors therein did not prejudice Plaintiff and were harmless. For the foregoing reasons, Plaintiff's motion for summary judgment [D.E. 22] is **DENIED**, Defendant's motion for

summary judgment [D.E. 24] is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of February, 2019.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge